OPINION
On November 14, 1999, delinquency counts of receiving stolen property (auto) and unauthorized use of a motor vehicle were filed in the Franklin County Juvenile Court against Isiah L. Hunter, defendant-appellant. On December 16, 1999, defendant entered an admission to the charge of receiving stolen property, a felony of the fourth degree and other charges were dismissed. Defendant was placed on probation subject to certain conditions. Thereafter, new charges were filed against defendant and the probation department requested that probation be revoked. After hearing on the motion to revoke probation, the court found that defendant violated a condition of probation because of the commission of a felony offense and imposed consecutive permanent commitments to the Ohio Department of Youth Services.
Defendant appeals asserting that trial court erred in accepting defendant's admission of receiving stolen property in violation of Juv.R. 29 and due process guarantees under the state and federal constitutions.
The plea hearing was held before a magistrate of the juvenile court who rendered a report to the juvenile judge finding defendant to be a delinquent minor for committing the offense of receiving stolen property and recommending institutionalization. There was no objection filed to the magistrate's report and the juvenile court adopted the decision and approved it finding that there was no error of law or other defect on the face of the magistrate's decision and entered judgment accordingly.
Defendant did not object to the magistrate's decision and the trial court had no transcript from which it could review whether the magistrate conducted the plea hearing in accordance with Juv.R. 29. Juv.R. 40 pertaining to magistrates states that the magistrate is not required to prepare any report other than the magistrate's decision unless there has been a request for findings of fact and conclusions of law. No such request was filed in this case.
Juv.R. 40(E)(3) provides for filing of objections to a magistrate's decision requiring that objections shall be specific and state with particularity the grounds of objection. Any objection to a finding of fact must be supported by a transcript of all the evidence submitted to the magistrate relative to that fact. Most importantly, Juv.R. 40 (E)(3)(b) states as follows:
 * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Defendant is precluded from raising any error as to the procedure or other facts pertaining to what occurred before the magistrate. Since there was no objection made to the trial court, as Juv.R. 40(E)(3)(6) provides, no assignment of error can be made. We can review the case only as the trial court reviewed, i.e., whether the magistrate's decision is factually erroneous. Since it is not factually erroneous, the judgment of the trial court is affirmed.
Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________ McCORMAC, J.
DESHLER and PETREE, JJ., concur.